IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BRAXTON C. MORGAN, | * | |
| Plaintiff, | * | |
| v. | * | CV 108-121 |
| MCG HEALTH INC., | * | |
| Defendant. | * | |

## O R D E R

The captioned case is presently before the Court on Plaintiff's Complaint for Emergency Injunctive Relief and Declaratory Judgment. (Doc. no. 1.) Additionally, Defendant has filed a Motion to Dismiss. (Doc. no. 7.) Based upon the pleadings and the relevant law, Plaintiff's Complaint is **DISMISSED**. Therefore, Defendant's Motion is **MOOT**.

### I. BACKGROUND

On October 17, 2007, Plaintiff Braxton C. Morgan was injured when the motorcycle he was driving was negligently

struck by Yvonne Maria Adams. (Compl. ¶ 4.)  At the time, Plaintiff was an active duty member of the U.S. Army and a beneficiary under TRICARE, the military services healthcare program. (Id. ¶ 7.)  Plaintiff sustained serious injuries from the accident and received care from the Medical College of Georgia Medical Center ("MCG") from October 17 - 20, 2007, resulting in charges of $18,259.61 (Id. ¶ 6.)

Defendant Medical College of Georgia Health, Inc. ("MCGHI") owns and operates MCG. (Id. ¶ 5.)  Instead of submitting a claim to TRICARE for Plaintiff's hospital bill, MCGHI filed a hospital lien pursuant to O.C.G.A § 44-14-470 on December 19, 2007 in the amount of $18,259.61. (Id. ¶ 10.)

Plaintiff settled his claims with Adams' insurance company, Auto-Owners Insurance Company ("Auto-Owners"), for $50,000 on March 25, 2008. (Id. ¶ 16.)  At that time, Plaintiff executed a Release and Settlement of All Claims Agreement ("Agreement") in which he released Adams and Auto-Owners from any claims he might have against them arising out of the accident. (Nicholson Aff. ¶ 2; see also Nicholson Aff. Ex. A.)  Plaintiff further agreed to indemnify Auto-Owners from any claims arising out of the accident. (Id. ¶ 3.)  Plaintiff affirmed that any valid liens would be satisfied from his settlement proceeds, but

reserved the right to challenge all hospital liens. (Id.) Plaintiff contends that as a TRICARE beneficiary he is not liable to MCGHI for the balance of its claims and that the hospital lien is invalid. However, Plaintiff has placed $18,259.61 of the settlement proceeds in escrow pending a determination of the validity of the lien. (Compl. ¶ 17.)

On August 20, 2008, MCGHI initiated suit against Auto-Owners in the Superior Court of Richmond County in order to enforce its hospital lien. (Id. ¶ 29.) On September 9, 2008, Auto-Owners sent a letter to Plaintiff demanding he satisfy the hospital lien and informing him that should he fail to do so, Auto-Owners would file a third-party complaint against Plaintiff to assert its right of indemnification under the Agreement. (Nicholson Aff. ¶ 5; see also Nicholson Aff. Ex. C.) In response, Plaintiff has filed this suit seeking an injunction of the state court suit, declaratory judgment that the hospital lien is void, and related claims of breach of contract, cancellation of the hospital lien, and attorney's fees.

## II. DISCUSSION

### A. The Anti-Injunction Act

The Anti-Injunction Act ("Act") constrains the equitable power of federal courts to issue injunctions in

order to preserve comity between the state and federal courts and prevent "needless friction" between the two. Nat'l R.R. Passenger Corp. v. State of Fla., 929 F.3d 1532, 1536 (11th Cir. 1991)(quoting Okla. Packing Co. v. Okla. Gas & Elec. Co., 309 U.S. 4, 9 (1940)). The Act prohibits federal courts from enjoining state court proceedings unless one of three exceptions is met. Burr & Forman v. Blair, 470 F.3d 1019, 1027 (11th Cir. 2006). The Act allows a federal court to enjoin a state court when: "expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. §2283. Indeed, the Supreme Court has stressed the importance of maintaining a dual system of state and federal courts. Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286 (1970). The Court therefore emphasized that the Act is not to be "enlarged by loose statutory construction," and that "proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts." Atl. Coast Line R.R., 398 U.S. at 287, quoted in Nat'l R.R., 929 F.2d at 1536.

Thus, in order for this Court to grant Plaintiff's request, its action must clearly fall under one of these three exceptions. The case at bar does not fall under any

4

of these exceptions, and indeed, at oral argument, Plaintiff proffered no argument to the contrary. Instead, Plaintiff relies solely on the assertion that allowing the state court suit to proceed will force Plaintiff to retain counsel and incur expense. (Compl. ¶ 31.) No act of Congress authorizes this Court to intervene in these circumstances. Furthermore, the fact that Plaintiff may incur expense defending the state court suit neither makes action by this Court necessary to aid its jurisdiction nor to protect or effectuate its judgments. Put simply, this Court will not interfere with the state court's jurisdiction without a clear showing that such interference is warranted.

B. **Declaratory Judgment**

The Federal Declaratory Judgment Act states that a court of the United States "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201 (emphasis added). The Supreme Court has made clear that a district court has "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).

In instances where the request for declaratory judgment also involves a request for an injunction, the propriety of both actions should be judged by the same standards. Samuels v. Mackell, 401 U.S. 66, 72 (1971). Federal intervention in both types of action has been greatly restricted by "deeply rooted and long-settled principles of equity." Id. In discussing the propriety of either action, the Supreme Court noted that "ordinarily a declaratory judgment will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid." Id. Furthermore, "even if the declaratory judgment is not used as a basis for actually issuing an injunction, the declaratory relief alone has virtually the same practical impact as a formal injunction would." Id. Thus, when an injunction is denied as impermissible under the principles of equity, a court should ordinarily deny declaratory relief as well. Id.

Here, issuing declaratory relief would have the same effect on the state court suit as issuing an injunction. Plaintiff seeks a declaration that MCGHI's hospital lien is void and unenforceable. However, MCGHI has already sued to enforce that lien in the Superior Court of Richmond County. Entertaining the declaratory action in this Court would

prevent the state court from hearing a claim properly before it.

Therefore, because issuing a declaratory judgment would have the same effect as issuing an injunction and because the Superior Court of Richmond County may resolve the issues in this matter, the Court declines to rule on the declaratory judgment and the related issues of breach of contract, cancellation of the hospital lien, and attorney's fees.[1]

### III. CONCLUSION

Upon the foregoing, the Court finds that Plaintiff is not entitled to injunctive relief and declines to rule on declaratory judgment and related claims. Accordingly, Plaintiff's Complaint for Emergency Injunctive Relief and Declaratory Judgment (Doc. no. 1) is **DISMISSED**. The Clerk shall terminate all deadlines and motions, and **CLOSE** the case.

SO ORDERED this 30th day of September, 2008.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[1] Ruling on the related issues of breach of contract, cancellation of the hospital lien, and attorney's fees would essentially have the same effect as ruling on the declaratory judgment. Therefore, the Court declines to rule on these issues as well.

7